The Director of the Office of Lawyers Professional Responsibility filed a petition for transfer of respondent Paul Arthur Egtvedt to disability inactive status. The petition alleges that respondent has medical conditions that prevent him from competently representing clients and that respondent is the subject of two pending disciplinary investigations.
The parties have entered into a stipulation for transfer to disability inactive status. In the stipulation, respondent admits the allegations in the petition for transfer to disability inactive status. The parties agree to a stay of the disciplinary investigations; that if respondent seeks reinstatement, this stay will be automatically lifted; and that during the reinstatement process, the disciplinary investigations will resume to determine whether discipline is warranted.
Based on all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Paul Arthur Egtvedt is transferred to disability inactive status under Rule 28, Rules on Lawyers Professional Responsibility (RLPR), effective immediately. While on disability inactive status, respondent may not render legal advice, discuss legal matters with clients, or otherwise engage in the practice of law.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of transfer to disability inactive status to clients, opposing counsel, and tribunals).
3. The disciplinary investigations involving respondent are stayed until such time as respondent petitions for reinstatement to the practice of law under Rules 18 and 28(d), RLPR. Upon the filing of a petition for reinstatement, the stay of the disciplinary investigations will be automatically lifted. In addition to the requirements of Rules 18 and 28(d), the reinstatement proceedings will involve a determination of whether discipline is warranted.
4. In addition to the requirements of Rules 18 and 28(d), RLPR, respondent's reinstatement shall be conditioned on respondent establishing through expert psychological, psychiatric, and medical evidence that he has undergone treatment and has recovered such that he is psychologically and cognitively fit to resume the practice of law.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice